UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR 0 5 2010

Clerk, U.S. District an.
Bankruptcy Courts

| | | |
|---|---|---|
| Deanne Rose Upson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| The District of Columbia et al., | ) | |
| | ) | 10 0360 |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Deanne Rose Upson has filed an application to proceed *in forma pauperis,* a *pro se* complaint, and an emergency motion seeking "Immediate Federal Action to End 3+ Year Kidnapping and Concealment of Child from Mother." The *in forma pauperis* application will be granted and the case will be dismissed for lack of subject matter jurisdiction.

The lengthy complaint, which results from plaintiff's dissatisfaction with other courts' actions in a child custody dispute between the plaintiff and her child's father, purports to sue the District of Columbia, three states, and numerous judges and persons involved in state agencies relating to child protective services. *See* Compl. at 1-2. The father is not identified as a defendant in this action. The plaintiff seeks an order from this Court that reunites her with her daughter, that clarifies the intent of the Constitution with respect to the controversy, that identifies a state jurisdiction to resolve the custody dispute, that protects her and her child from the father, that provides other injunctive relief, and that awards her $1100 per day from the time the father gained custody of the child. *See id.* at 61-65; Emergency Mot. at 20. The *pro se* complaint includes references to a custody order issued by an unidentified court of the

Commonwealth of Virginia, *see* Compl. at 4, a custody case identified as No. 2004-PCS-1375 in the Superior Court for the District of Columbia, *id.* at 6, 24, and an appeal that is currently pending in the District of Columbia Court of Appeals, *id.* at 7. The complaint also refers to other courts involved in matters relating to her daughter: City of Alexandria Juvenile and Domestic Relations Court, City of Alexandria Circuit Court, Montgomery County Circuit Court. *Id.* at 25. Essentially, it appears that the plaintiff asks this Court to vacate certain state court orders and to enforce others.

A federal district court is a court of expressly limited jurisdiction. It has jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. The allegations in the complaint, however, do not appear to arise under federal law, but instead under state domestic relations law and perhaps common law torts of kidnapping or false imprisonment. To the extent that the plaintiff thinks a federal court has jurisdiction to supervise state courts or the conduct of state judges, she is mistaken. In any case, the complaint does not establish a basis for federal question jurisdiction under § 1331. Furthermore, to the extent that the plaintiff asks this Court to entertain a case that is "inextricably intertwined with the questions ruled upon by a state court[,] in other words, cases functionally equivalent to an appeal from a state court[,]" this Court would be prohibited from doing so by the so-called *Rooker-Feldman* doctrine. *Nader v. The Democratic National Comm.*, 555 F. Supp. 2d 137, 153 (D.D.C. 2008) (quoting *Gray v. Poole*, 275 F.3d 113, 1119 (D.C. Cir. 2002)) (internal quotation marks omitted).

A federal district court also has jurisdiction over civil actions in matters where the controversy is between citizens of different states and exceeds $75,000. *See* 28 U.S.C. § 1332(a). Here, however, the complaint identifies the plaintiff as a resident of the District of Columbia, and

identifies the District of Columbia as one of several defendants.  Therefore, there appears to be no diversity jurisdiction under § 1332(a).

Accordingly, the Court will dismiss the complaint without prejudice for lack of subject matter jurisdiction.  A separate order accompanies this memorandum opinion.

Date:  3/1/2010

_Henry Kennedy_
United States District Judge